UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RANDY WRIGHT**     **LA. DOC #603329** | **CIVIL ACTION NO. 14-3130** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JAMES M. LeBLANC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

*Pro se* plaintiff Randy Wright ("Wright"), proceeding in forma pauperis, brought this civil rights action pursuant to 42 U.S.C. §1983. He is incarcerated at River Bend Detention Center ("RBDC") and complains that prison guards used excessive force against him. He also complains about the conditions of confinement at RBDC. He brought suit against Louisiana Department of Corrections Secretary LeBlanc, East Carroll Parish Sheriff Williams, Warden Hedgemen and Correctional Officers Martin and Barnes, seeking a declaratory judgment, for a transfer, for injunctive relief, and for compensatory and punitive damages.

On January 9, 2015, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 8] in which she recommended that this Court dismiss Wright's Complaint as frivolous and for failing to state a claim upon which relief may be granted.

On January 28, 2015, the Clerk of Court received Wright's Objections to the Report and Recommendation [Doc. No. 9], which were filed into the record. Wright subsequently filed a Motion to Amend/Correct the Complaint [Doc. No. 10], a Motion for Request for Production of Documents [Doc. No. 11], and a Motion to Appoint Counsel [Doc. No. 12].

Prior to considering the Report and Recommendation, the Court has considered the pending

motions. First, the Court has considered Wright's Motion for the Appointment of Counsel. In a § 1983 case, Congress has not specifically authorized courts to appoint counsel for a plaintiff. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. The United States Supreme Court in the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814 (1989), held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not authorized under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985) ("Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present."). No precise definition of "exceptional circumstances" is available, but the United States Court of Appeals for the Fifth Circuit has provided a litany of factors for lower courts to consider in making this determination. For example, the district court should consider (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and

assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citations omitted). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf because plaintiffs are not excused from making efforts to procure counsel on their own. *See Jackson*, 864 F.2d at 1242; *Ulmer*, 691 F.2d at 213.

Wright initiated this action to vindicate his civil rights and possesses first hand knowledge of the facts which form the basis of this action. He was able to file a Complaint and recount the facts to the Court prior to issuance of the Report and Recommendation. He was also able to file objections to the Report and Recommendation and the pending motions. Applying the relevant factors and the record in this case, the Court finds that Wright's Motion for the Appointment of Counsel should be DENIED.

Wright has also filed a "Motion for Leave to Amend Complaint(s)." He has not previously amended his Complaint. Wright seeks to assert claims against two additional Defendants, the doctor and nurse (identified as Mrs. Linda) who treated him. He moves to amend his Complaint to "drop[]" his claims of "conditions of confinement, grievances, contact visitation, C.F.C. program, cleanliness and time to eat meals[,] admitting that theses claims are "frivolous," but explaining that the "required evidence is not accessible to [him] at this time[.]" [Doc. No. 10]. Wright asserts that he suffered a constitutional deprivation because he was not provided dental services and with regard to the filling of prescribed medications, although he recounts no facts to support these claims. He also contends that he is providing the court with declarations and diagrams, but neither are attached to his motion.[1] Upon consideration and in the interest of justice, the Court finds that Wright's

---

[1] The Court has considered the additional allegations contained in his Amended Complaint in its Ruling, although the Court obviously could not consider any declarations and diagrams which were not provided.

motion to amend should be GRANTED

Finally, Wright filed a Motion for Request for Production of Documents. In that motion, Wright moves the Court to order Defendants Williams, Hedgement, and "Jane Doe" to produce his medical records at RBDC; the proper and full names of a nurse known as "Mrs. Linda" and the contracting medical doctor; any statements or video of the February 1, 2014 incident; the RBDC meal plans and diets; any lawsuits filed against RBDC, the ECSO, Williams, Hedgemen, Barnes, Martin, or Mrs. Linda; and criminal backgrounds of Barnes and Martin. Wright also moves the Court to order Defendant LeBlanc to produce any rules and regulations on treatment of prisoners; information regarding medical and dental procedures and medications; nutritional requirements for prisoner diets; tools, resources, and services that a prison law library must provide; and policies and procedures on prisoners' incoming and outgoing mail. The motion is DENIED at this time. For the reasons set forth below, this matter will be remanded to Magistrate Judge Hayes for further proceedings, and, at that time, she may order any discovery which is appropriate.

With regard to Wright's Complaint, as amended, the Court has reviewed the entire record in this matter, including Wright's objections. The Court hereby ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation. The Court finds that Magistrate Judge Hayes correctly stated the law and analyzed Wright's claims based on the facts presented. However, in light of Wright's additional allegations in his objections regarding the excessive force claim, the Court DECLINES TO ADOPT the recommendation as to the excessive force claim on initial review. The Court otherwise ADOPTS Magistrate Judge Hayes' Report and Recommendation, and Wright's remaining claims are DISMISSED WITH PREJUDICE. To the extent that Wright amended his Complaint to add medical treatment claims against an unidentified doctor and nurse and to add

claims regarding prescription medication and dental services, he failed to provide the Court with any facts to support these claims, and, thus, they, too, are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 19th day of March, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE