UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RANDY WRIGHT** | **CIVIL ACTION NO. 3:14-cv-3130** |
|     **LA. DOC. #603329** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JAMES M. LeBLANC** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Randy Wright, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 28, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). When he filed this complaint he was incarcerated at the River Bend Detention Center (RBDC) and he complained that prison guards used excessive force against him; he also complained of various and sundry conditions of confinement. He sued DOC Secretary LeBlanc, East Carroll Parish Sheriff Williams, Warden Hedgemen and Correctional Officers Martin and Barnes. He prayed for a declaratory judgment, for a transfer, for injunctive relief, and for compensatory and punitive damages.

On January 9, 2015 dismissal with prejudice was recommended. [Doc. 8] On March 19, 2015 the Court adopted the recommendation with respect to the conditions of confinement complaints; however the Court determined that more information was needed with regard to the excessive force claim. Therefore the matter was remanded for further consideration. [Docs. 13 and 14] On March 24, 2015 the Clerk of Court was directed to provide service materials to the plaintiff and he was instructed to effect service of process on the remaining defendants. [Doc. 15] On March 30, 2015 the documents mailed to the plaintiff at his last known address were returned

by the United States Postal Service marked "gone."

## Law and Analysis

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Local Rule 41.3 of this District provides in part, "The failure of [a] ... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." Plaintiff was apparently transferred from RBDC sometime prior to March 30, 2015. More than 30 days have elapsed since that date and he has not provided his current whereabouts in violation of Local Rule 41.3. Dismissal of the complaint is warranted.[1]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

---

[1] Local Rule 41.3 also provides, "Dismissal under this rule shall be without prejudice ... The Order of Dismissal shall allow for reinstatement of the civil action within 30 days for good cause shown."

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 5th day of May, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**